UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ERIC DOYLE, individually and on behalf of similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>BE HURD, INC., TAH PIZZA, INC., and TIMOTHY HURD,<br><br>    Defendants. | Case No. 3:20-cv-00138<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff Eric Doyle ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendants Be Hurd, Inc., TAH Pizza, Inc., and Timothy Hurd (collectively "Defendants"), and alleges as follows:

1. Defendants operate numerous Domino's Pizza franchise stores in Tennessee and Virginia. Defendants employ delivery drivers who drive their own automobiles to deliver pizza and other food items to Defendants' customers. Instead of reimbursing its delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants utilize a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

3. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid wages owed to himself and similarly situated delivery drivers employed by Defendant.

## Jurisdiction and Venue

4. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiff in this District, Defendants operate Domino's Pizza franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

6. Defendant Be Hurd, Inc. is a Corporation and may be served via its registered agent Timothy Hurd, who may be served at, 4036 Lakeland Dr., Kingsport, TN 37664-5162, or wherever he may be found.

7. Defendant TAH Pizza, Inc. is a Corporation and may be served via its registered agent David Hutton, who may be served at, 131 East Valley St., Abingdon, VA 24210, or wherever he may be found.

8. Defendant, Timothy Hurd, is individually liable because, during the relevant times, he was an owner of substantial interests in defendant, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as they held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant may be served at 4036 Lakeland Dr., Kingsport, TN 37664-5162, or wherever he may be found.

9. Plaintiff was employed by Defendants as a delivery driver from approximately February 2017 to June 2019 at its Domino's Pizza store in Kingsport, Tennessee, which is located within

this Division. Plaintiff's consent to bring this action pursuant to 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

## General Allegations

### *Defendants' Business*

10. Defendants own and operate numerous Domino's Pizza franchise stores in Tennessee and Virginia.

11. Defendants' Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendants' Flawed Reimbursement Policy*

12. Defendants require its delivery drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering pizza and other food items.

13. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

14. Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but given the distance of the average delivery the per-delivery reimbursement equates to a per mile rate far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

15. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

16. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost

of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of owning and operating a vehicle ranged between $.531 and $.580 per mile during the same years for drivers who drive a sedan 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

17. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

19. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

20. Defendants fail to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

21. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

*Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

22. Regardless of the precise amount of the reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

23. Plaintiff was paid $4.35 per hour during his employment, plus a purported tip credit applicable to the time he performed deliveries.

24. The federal minimum wage has been $7.25 per hour since July 24, 2009.

25. During the time Plaintiff worked for Defendants as a delivery driver, he was reimbursed just $1.25 per delivery and drove an average of 14 or more miles per delivery. This means Plaintiff was getting paid approximately $.089 per mile ($1.25 per delivery /14 miles respectively = $.089 per mile)**.**

26. During the relevant time period, the IRS business mileage reimbursement rate ranged between $.58 and $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the highest rate per mile plaintiff was making per mile driven ($.125 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.446 ($.535 - $.089) per mile.

27. During his employment with Defendants, Plaintiff regularly made 2 or more deliveries per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses and damages,

every hour on the job decreased Plaintiff's net wages by at least $12.49 for every hour worked ($.446 x 14 miles/delivery x 2 deliveries/hour).

28. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid similar cash wages before deducting unreimbursed business expenses.

29. Because Defendants paid its delivery drivers a gross hourly wage equal to, or at least very close to, the federal minimum wage (presuming for this purpose that Defendants' tip credit was lawful), and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

30. While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Domino's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

31. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

32. The net effect of these policies is that Defendants willfully fail to pay the federal minimum wage to its delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of its employees.

6
Case 3:20-cv-00138-DCLC-HBG   Document 1   Filed 04/01/20   Page 6 of 13   PageID #: 6

## Collective Action Allegations

33. Plaintiff brings his claims under the FLSA as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

34. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

35. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail or e-mail.

36. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

  a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

  b. They have spent more than 20% of their work time performing non-tipped duties that are routinely assigned;

  c. They have been paid a similar sub-minimum tipped wage for all of their work time, including time spent performing non-tipped duties;

  d. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

  e. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

  f. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

g. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

h. They were subject to the same pay policies and practices of Defendants;

i. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks; and

j. They were reimbursed similar amounts of automobile expenses.

**Count I: Violation of the Fair Labor Standards Act of 1938 by Paying Sub-Minimum Wages for Time Spent Performing Non-Tipped Duties**

37. Plaintiff reasserts and re-alleges the allegations set forth above.

38. Defendants are subject to the FLSA's minimum wage requirements because they are engaged in interstate commerce, and its employees are engaged in commerce.

39. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

40. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

41. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

42. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id.*

43. Employees who spend more than 20% of their work time performing non-tipped duties that are routinely assigned, such as general preparation and maintenance work, cannot be considered "tipped employees" with respect to whom the employer may utilize a tip credit during the time spend performing non-tipped duties. 29 C.F.R. § 531.56(e); DOL Field Operations Handbook § 30d00(e).

44. Plaintiff and Defendants' other delivery drivers have engaged in non-tipped general preparation and maintenance activities that consumed more than 20% of their work time, such as answering telephones, preparing orders, preparing ingredients, folding pizza boxes, washing dishes and cleaning.

45. Defendants have not paid its delivery drivers the full applicable minimum wage for the time they have spent performing these non-tipped general preparation and maintenance tasks; consequently, Plaintiff and the other delivery drivers consistently worked without required pay.

46. Plaintiff and all similarly situated delivery drivers are entitled to damages equal to the mandated full minimum wage and the tip credit wage provided within the three years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

47. Defendants have not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated delivery drivers are entitled to recover an award of liquidated damages in an amount equal the full minimum wage and the tip credit wage for all time spent performing non-tipped duties. Alternatively, should the Court find Defendants acted in good faith or with

9
Case 3:20-cv-00138-DCLC-HBG   Document 1   Filed 04/01/20   Page 9 of 13   PageID #: 9

reasonable grounds in failing to pay the minimum wage, Plaintiff and all similarly situated delivery drivers are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA's pay provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated delivery drivers. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the Fair Labor Standards Act of 1938 by Paying Sub-Minimum Net Wages After Deducting Un-Reimbursed Vehicle Expenses

49. Plaintiff reasserts and re-alleges the allegations set forth above.

50. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

51. Defendants knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

52. Defendants, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

53. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

54. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

55. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

56. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count II of this Complaint Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4)

pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III: Unjust Enrichment

57. Plaintiffs reassert and re-allege the allegations set forth above.

58. Plaintiffs conferred a benefit upon Defendants by working on their behalf without compensation.

59. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs.

60. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

61. Because Plaintiffs and Defendants entered into no contractual relationship, Plaintiffs have no contractual or other avenues for redress of their claim.

WHEREFORE, on Count III of this Complaint Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated: April 1, 2020                    Respectfully submitted,

                                        /s/ J. Forester
                                        **J. Forester**
                                        Texas Bar No. 24087532
                                        **Forester Haynie PLLC**

400 N. St Paul Street Suite 700
Dallas, TX 75201
Telephone: (214) 210-2100
jay@foresterhaynie.com

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document will be served on Defendants with the summons for this lawsuit.

/s/ J Forester
**J. Forester**